
**U.S. Customs and Border Protection**
Securing America's Borders

**Subscribe to updates from U.S. Customs and Protection**

# CSMS # 68340863 – UPDATE – Consolidated Administn and Processing of Entries (CAPE) for IEEPA Refunds, April 20, 2026, Deployment

Email Address                    e.g. name@exam

Share Bulletin

U.S. Customs and Border Protection sent this bulletin at 04/13/2026 05:48 PM EDT


U.S. Customs and Border Protection

## Cargo Systems Messaging Service

### CSMS # 68340863 - UPDATE - Consolidated Administration and Processing of Entries (CAPE) for IEEPA Refunds, April 20, 2026, Deployment

On March 2, 2026, the Court of Appeals for the Federal Circuit (CAFC) issued its formal mandate to the Court of International Trade (CIT) with respect to duties collected pursuant to the International Emergency Economic Powers Act (IEEPA).

- On March 4, 2026, in *Atmus Filtration, Inc. v. United States*, the CIT ordered "that, with respect to any and all unliquidated entries that were entered subject to the IEEPA duties, U.S. Customs and Border Protection (CBP) is hereby directed to liquidate those entries without regard to the IEEPA duties" and that "[a]ny liquidated entries for which liquidation is not final shall be reliquidated without regard to IEEPA duties." *Atmus Filtration, Inc. v. United States* (Ct. No. 26-01259).
- On March 6, 2026, the CIT suspended the immediacy requirement of its March 4, 2026, order to allow CBP to proceed with development of an automated tool capable of processing the unprecedented volume and value of the refunds of duties collected pursuant to IEEPA.
- On April 7, 2026, in *Euro-Notions Florida, Inc. v. United States*, the CIT ordered that CBP liquidate unliquidated entries that were entered with IEEPA duties without regard to those IEEPA duties, and reliquidate entries for which liquidation is not final without regard to IEEPA duties. The CIT suspended the order to the extent it requires immediate compliance.

Accordingly, CBP has developed the Consolidated Administration and Processing of Entries (CAPE) automated functionality in the Automated Commercial Environment (ACE) to efficiently process refunds for Importers of Record (IOR) who have paid duties pursuant to the IEEPA. CAPE is a new ACE functionality that will streamline and consolidate refunds and interest payments for entries subject to the IEEPA duties, rather than issuing entry-by-entry refunds. This message provides further details for Phase 1 of CAPE, which is scheduled to deploy 8AM EDT on April 20, 2026. This message also provides additional information on protests, Post Summary Corrections and Automated Clearinghouse payments.

CBP will issue further guidance as additional CAPE functionalities are developed. CBP will maintain all information on IEEPA Refunds and CAPE at the IEEPA Duty Refunds page on CBP.gov.

**Guidance**

1. CAPE Tab – ACE Portal

IORs and brokers will have the ability to access the CAPE Tab through their ACE Portal account. To file a CAPE Declaration, the IOR or broker will upload a Comma-Separated Values (CSV) file listing up to 9,999 entry numbers on which IEEPA duties have been paid and for which they are requesting an IEEPA duty refund. Only the entry numbers should be included in the CSV file – no other entry-related information is needed.

A separate CAPE Declaration may be submitted for additional entry numbers beyond the first 9,999. The CAPE Declaration may only be submitted by the IOR associated with the entry summaries or by the broker that filed the entry summaries.

The CAPE Declaration template file will be available through the "Upload" button in the CAPE tab of the ACE Portal.

The CAPE Declaration itself as well as the entry summaries listed will be validated by ACE before the CAPE Declaration is accepted into the ACE Portal and assigned a CAPE claim number. First, the submission undergoes file validations to confirm that:

a. The Declaration contains complete entry numbers that are properly formatted

b. The Submitter is the IOR for the listed entries or the authorized broker that filed the entry summaries on behalf of the IOR

c. The CSV file is not corrupted

If the submission fails any part of the file validation series, ACE will reject the CAPE Declaration. The system will identify, and filers will be able to see, the specific errors that triggered the rejection on the CAPE Tab, allowing filers to identify and correct any errors and resubmit a new CAPE Declaration.

Once the submission passes the file validations, CAPE will run the following entry-specific validations:

a. Each entry number listed exists in ACE and has at least one Harmonized Tariff

Schedule of the United States (HTSUS) Chapter 99 number for IEEPA declared on that entry

b. Not accepted – entry summary flagged for Reconciliation

c. Not accepted – entry type 09 Reconciliation entry

d. Not accepted – entry summary associated with a Drawback entry

e. Not accepted – entry type 47 Drawback entry

f. Not accepted – entry type 08 USMCA Duty Deferral entry

g. Not accepted – entry summary with an Open or Suspended Protest

h. Not accepted – entry summary with "open" or "closed" liquidation status (i.e. Temporary Importation under Bond entry)

i. Not accepted – AD/CVD entry summary in pending liquidation status

· In order to timely apply the liquidation instructions imposed by the Department of Commerce (DOC), an AD/CVD entry with a liquidation status of pending or for which DOC has issued liquidation instructions will not be accepted on a CAPE Declaration.

j. Not accepted – entry summary over 80 days past the liquidation date

k. Not accepted – goods value amount not allowed on IEEPA HTS line.

· The entered value of the imported product reported on the entry summary line should be reported on the Chapter 1-97 HTS classification, unless Chapter 98 reporting provisions require the entered value to be reported differently.

If an entry summary fails any of the entry-specific validations listed above, ACE will remove that individual entry summary from the CAPE Declaration but will continue processing the remaining entry summaries listed. After the system completes the entry-specific validations, ACE will display the results and identify any rejected entries and the reason for their rejection. If the filer corrects the entry-specific errors identified by ACE, it may resubmit the entry summary on a separate CAPE Declaration.

After these file and entry-specific validations are performed and the CAPE Declaration is accepted, in all or part, it is assigned a unique CAPE claim number.

For more information on the CAPE filing process, please see the ACE Portal: CAPE Declarations Quick Reference Guide.

IORs and brokers should ensure they submit a CAPE Declaration for the processing of entries for which IEEPA refunds are due prior to filing a drawback claim.

IORs and brokers should ensure that they do not submit a CAPE Declaration for entries on which a surety paid IEEPA duties in whole or in part.

2. Mass Processing

Mass processing will be performed on all entry summaries that were accepted on the CAPE Declaration. All applicable IEEPA HTSUS Chapter 99 numbers will be removed at the entry summary line level, creating a new minor version of the entry summary. The duties owed on the entry summary will be recalculated as if IEEPA duties were never owed. The projected refund will be the difference between the duties, taxes, and fees paid on the entry summary and the recalculated duties, taxes, and fees owed on the entry summary. Interest is calculated on these refunds, as it is on any interest eligible refund issued by CBP, in accordance with 19 CFR 24.36.

3. Review and Liquidation/Reliquidation

Once the mass processing is complete, unliquidated entry summaries will be set to liquidate 45 days from the CAPE Declaration acceptance date, except for entries in suspended, extended, or "under review" liquidation status. Entry summaries with extended, suspended, or "under review" liquidation statuses will maintain their liquidation status, and the refund will be issued upon liquidation.

Warehouse and warehouse withdrawal entry summaries will not be set to liquidate 45 days from the CAPE Declaration acceptance date. Instead, the liquidation process for warehouse entries will continue to be performed by CBP in the normal course after all withdrawals have been made and the warehouse entry is ready for liquidation, at which time CBP will process the refund of the IEEPA duties.

Liquidated entry summaries will reliquidate the next business day.

4. Refund

The individual entry summary refunds will be consolidated by IOR or designated 4811 party and liquidation date before they are dispersed in one lump sum. As with all refunds issued by CBP, a check for any unpaid debts to CBP will be made before the issuance of the refund, and the refund amount will equal the difference between the

issuance of the refund, and the refund amount will equal the difference between the IEEPA duties to be refunded and the unpaid bill(s).

There may be instances where there is not a one-for-one match of entry summaries submitted on a CAPE declaration versus the entry summaries consolidated on the refund issued to the IOR or 4811 party. These instances occur when entry summaries from different CAPE declarations are on one consolidated refund. Examples of such instances include entry summaries under review, suspended, or extended status prior to the CAPE declaration being accepted; the entry summary is a warehouse or warehouse withdrawal; or the entry summary is selected for review by CBP after the CAPE declaration is accepted.

ACE Portal users with Importer sub-account access can monitor refund activity using ACE Reports. The new REV-615 CAPE Refunds Trade Report will provide CAPE related refund information.

For unliquidated entries other than warehouse entries and entries with extended, suspended or "under review" liquidation status, importers and authorized brokers may anticipate that valid IEEPA refunds will generally be issued within 60 - 90 days following acceptance of a CAPE Declaration, unless a compliance concern requires further CBP review. This 60-90 day timeframe includes 45 days for CBP review plus additional time to process the refund through Treasury.

Additional Information

Protests

If a protest has been submitted solely for IEEPA refund purposes and the entry summary is within 80 days of the liquidation date, an importer may withdraw the protest and add the entry summary to a CAPE Declaration for faster refund processing. Should the protest be in suspended status, you may reach out to your processing Center to request the suspension be removed. Once removed, the importer can withdraw their protest, then the entry summary can be submitted on a CAPE Declaration.

Post Summary Corrections (PSCs)

Filers are prohibited from initiating an IEEPA duty refund request by filing a PSC. PSCs that are filed due to requesting a refund for entries eligible for duty free treatment due to the lapse of the African Growth and Opportunity Act and the Haiti Hope Help Agreement during October 1, 2025, through February 3, 2026, or any other issue, should be filed prior to submitting a CAPE declaration.

ACH Payments

All refunds from CBP are issued electronically through ACH payments in accordance with the March 25, 2025, Executive Order 14247 "Modernizing Payments to and from America's Bank Account" and the January 2, 2026, Interim Final Rule 24171 "Electronic Refunds." To ensure there is no delay in receiving the refund, the IOR or designated 4811 party, must be signed up for ACH refunds. Review ACH Refund sign up guidance here: ACH Refund Enrollment.

To learn more about CAPE functionality in ACE, please see the CAPE Information Notice.

CBP will continue to issue messaging via the Cargo Systems Messaging Service (CSMS) to ensure the trade community is informed and prepared to utilize this new tool and as new enhancements are deployed.

Technical questions regarding this message should be directed to IEEPARefunds@cbp.dhs.gov. General questions regarding this message should be directed to traderelations@cbp.dhs.gov.

SHARE

Update your subscriptions, modify your password or e-mail address, or stop subscriptions at any time on your Subscriber Preferences Page. You will need to use your e-mail address to log in. If you have questions or problems with the subscription service, please contact subscriberhelp.govdelivery.com.

This service is provided to you at no charge by U.S. Customs and Border Protection.

Privacy Policy | GovDelivery is providing this information on behalf of U.S. Department of Homeland Security, and may not use the information for any other purposes.





Powered by



Privacy Policy | Cookie Statement | Help

Case: 26-1895    Document: 3-2    Page: 5    Filed: 06/03/2026

Case: 26-1895   Document: 3-2   Page: 6   Filed: 06/03/2026

# Consolidated Administration and Processing of Entries (CAPE) Phase 1
## Last updated: April 8, 2026



On April 20, 2026, U.S. Customs and Border Protection (CBP) will launch the first phase of the Consolidated Administration and Processing of Entries (CAPE) tool in the Automated Commercial Environment Secure Data Portal (ACE Portal). CAPE will simplify International Emergency Economic Powers Act (IEEPA) duty refund requests made pursuant to court order and in accordance with appropriate statutory authority by providing an electronic pathway to submit valid IEEPA duty refund claims.

## What will CAPE do?

Beginning April 20, 2026, importers and customs brokers will be able to file Phase 1 requests for refunds of IEEPA duties directly through the ACE Portal by uploading a comma-separated values (CSV) file in the new CAPE tab. The CAPE tab will be available in the Importer, Organizational Broker, and Filer sub-accounts in ACE. The CSV file, called a *CAPE Declaration*, will contain a list of entry numbers for which IEEPA refunds are requested. Each individual CAPE Declaration is limited to 9,999 entries, but multiple CAPE Declarations may be submitted. A downloadable CAPE Declaration template file will be available through the "Upload" button in the CAPE tab. This deployment does not include electronic data interchange (EDI) impacts. Filers cannot use the Automated Broker Interface (ABI) to file a CAPE Declaration.

CAPE will validate the submission and provide feedback to the filer as described below. For valid entry numbers, ACE will update the entry summary lines to remove the dutiable IEEPA Harmonized Tariff Schedule (HTS) Chapter 99 codes and duties, resulting in a new version of the entry summary. Once the IEEPA duties have been removed, ACE will recalculate the duties owed without the dutiable IEEPA HTS code(s). In general, following CBP review, entries will be liquidated or reliquidated, and refunds will be consolidated by recipient and liquidation date and then issued.

## Who will use CAPE?

CAPE Declarations may be submitted by the importer of record (IOR) for the entries listed or the customs broker that filed the entries on behalf of the IOR.

## What entries are covered by the Phase 1 release of CAPE?

In Phase 1, CAPE will process most entries that are either unliquidated or up to 80 days past their liquidation date. Following CBP review, these entries will be liquidated or reliquidated and refunds will be issued.

CAPE will also process entries with liquidation status of *suspended*, *extended*, or *under review*, as well as warehouse and warehouse withdrawal entries. These entries will maintain their liquidation status until resolved, and the refund, if validated, will be issued following liquidation.

Entries falling into the categories below are being evaluated for future phases of CAPE and will not be accepted on a CAPE Declaration in Phase 1:

- Entries that have been flagged for reconciliation, as well as Entry Type 09 - Reconciliation Summary;
- Entries on a drawback claim;
- Entries covered by an open protest;



## U.S. Customs and Border Protection

Pub# 1009-1119




Trade User Information Notice

April 2026

Case: 26-1895    Document: 3-2    Page: 7    Filed: 06/03/2026

- Entries not filed in ACE, and entries without a liquidation status in ACE;
- Entries subject to Antidumping/Countervailing Duties (AD/CVD), for which the Department of Commerce (DOC) has issued liquidation instructions, that are pending liquidation in accordance with 19 U.S.C. § 1504(d); and
- Entries for which liquidation is final.

Members of the trade community are prohibited from initiating an IEEPA duty refund request by filing a Post Summary Correction.

## What validations will Phase 1 of CAPE perform?

ACE will conduct two series of validations. The first series checks the CAPE Declaration, and the second series checks the individual entries listed in the file.

The CAPE Declaration file validations check whether:

- The submitter is the IOR for the listed entries or the customs broker that filed the entry summaries on the IOR's behalf;
- The CAPE Declaration contains a list of entry numbers; and
- The information is properly formatted.

If a submission fails any part of the file validation series, ACE will reject the CAPE Declaration. The results from this series of validations will be shown in the *File Upload Status* column of the *File Uploads* section of the CAPE tab. Filers can view the detailed results by selecting the *File Upload Job #* and downloading the *Validation Result File*, enabling filers to correct the identified issues and resubmit the request on a new CAPE Declaration. If the submission is successful, the CAPE Declaration proceeds to the entry validations.

The entry-specific validations check whether:

- Each entry summary number listed in the submitted CSV file exists in ACE;
- At least one dutiable IEEPA HTS Chapter 99 code was declared on each entry summary; and
- No entry summary number is duplicated in the same or prior declaration.

If an entry summary fails any of the entry-specific validations, ACE will reject that entry summary from the CAPE Declaration and continue processing the remaining entry summaries. Filers can review the results of the entry-specific validations by navigating to the CAPE *Claim Status* section, selecting the *Claim Number* and downloading the resulting file.

## Who will receive refunds?

Refunds will be issued to the importer of record (IOR) or, if designated on the original entry, a *"notify" party*. "Notify" parties are designated using CBP Form 4811 or the ACE Portal. If the designation specifies that the "notify" party should receive refunds on the IOR's behalf, and the "notify" party is listed on an entry, any refund for that entry will be issued to the "notify" party instead of directly to the IOR.




Trade User Information Notice

April 2026

Case: 26-1895    Document: 3-2    Page: 8    Filed: 06/03/2026



# Consolidated Administration and Processing of Entries (CAPE) Phase 1
Last updated: April 8, 2026

## How will refunds be paid?

Refunds will be paid electronically by Automated Clearing House (ACH), and recipients must have U.S. bank account information designated for refunds on file with CBP. This bank account information is specific for refunds and is separate from any ACH information used to make payments to CBP. If recipients do not already have refund bank account information on file, they must provide it through the ACE Portal by accessing the ACH Refund Authorization tab in an Importer sub-account. For instructions on obtaining an ACE Portal account, adding an Importer sub-account, or submitting bank information for refunds, recipients should review the ACH Refund Enrollment Overview page. The "Resources for Enrolling to Receive Customs-Related Refunds from CBP" section on the ACE website contains additional guidance for enrolling in ACH refunds.

## How can refund status be monitored?

ACE Portal users with Importer sub-account access can monitor refund activity using ACE Reports. The REV-603 Trade Refund report covers successful refunds. The REV-613 ACH Rejected Refunds report highlights any refunds that have been rejected due to the recipient not being enrolled in ACH Refunds. For help with refund reports, review the ACE Refund Report training guide. For more information about rejected refunds, see Replacement Refund Instructions.

## What additional resources are available?

- **IEEPA Duty Refunds webpage**

- **Training**
    - CBP will publish a Quick Reference Guide (QRG) for CAPE users on the ACE Training and Reference Guides webpage.

- **ACE Portal and ACH Refunds Resources**
    - One Page Overview: ACH Refund Enrollment
    - Frequently Asked Questions: ACE Portal and ACH Refunds FAQs
    - Training Video: Applying for an ACE Portal Importer Account and Enrolling in ACH Refunds
    - Training Guide: ACE Portal Importer Account Application
    - Training Guide: ACH Refund Enrollment in the ACE Portal
    - Training Guide: Using ACE Refund Reports
    - Rejected ACH Refund Information: Replacement Refund Instructions

- **Additional Support**
    - For technical questions about IEEPA refunds, email: IEEPARefunds@cbp.dhs.gov
    - For general inquiries about IEEPA refunds, email: traderelations@cbp.dhs.gov
    - For ACE technical issues, contact the ACE Account Service Desk (ASD) at 866-530-4172 or ace.support@cbp.dhs.gov






Case: 26-1895    Document: 3-2    Page: 9    Filed: 06/03/2026

# International Emergency Economic Powers Act (IEEPA) Duty Refunds

**Best Practices for Protecting Your Information Regarding IEEPA Refunds**

Read the latest CSMS message

 **Warning**

With the launch of CAPE, CBP expects that scammers will attempt to use social media, email, and other communication methods to secure account information from importers in order to

interfere with the process of refunding IEEPA. Learn more about what to watch out for and protect your information.

U.S. Customs and Border Protection (CBP) launched the Consolidated Administration and Processing of Entries (CAPE) functionality within the Automated Commercial Environment (ACE) to streamline the submission and processing of valid refund requests for duties imposed under the International Emergency Economic Powers Act (IEEPA), as authorized by court order or applicable law. CAPE is designed to consolidate refunds of IEEPA duties including interest rather than processing refunds on an entry-by-entry basis.

CBP plans to implement CAPE through a phased development approach, adding more functionality in subsequent phases for more complicated scenarios. Phase 1 is limited to certain unliquidated entries and certain entries within 80 days of liquidation.

# Requesting refunds of IEEPA duties requires only the following summarized actions:

- Importers of Record and authorized Customs brokers have an established ACE Secure Data Portal account (ACE Portal account)

- Recipients use the ACE Portal account to provide CBP with bank account information

- Importers of Record and authorized Customs brokers submit CAPE Declarations in the ACE Portal (See below for details)

Visit Applying for an ACE Portal Importer Account and Enrolling in ACH Refunds.

Importers of Record (IORs) and Customs brokers are able to file a CAPE Declaration, using a Comma-Separated Values (.CSV) file, through their web-based ACE Secure Data Portal (ACE Portal) account. Filers do not use the Automated Broker Interface (ABI) to file a CAPE Declaration.

The CAPE Declaration consists of the list of entries for which refunds of IEEPA duties are being requested. CBP does not require any other information in the .CSV file. Each individual CAPE Declaration has a limit of 9,999 entries. IORs and brokers can file multiple CAPE Declarations. The CAPE Declaration template file is available through the "Upload" button in the CAPE tab.

Only the IOR for the listed entries or the authorized customs broker that filed the entries on behalf of the IOR may file the CAPE Declaration.

Once a CAPE Declaration is validated and accepted, ACE updates the appropriate entry summary lines by removing the IEEPA Harmonized Tariff Schedule Chapter 99 provision and the corresponding IEEPA duties, resulting in an updated version of the entry. Following CBP review, entries are liquidated or reliquidated and refunds are be consolidated by IOR, or by the party the IOR has designated to receive refunds on its behalf via CBP Form 4811 ("Form 4811 notify party"), and liquidation date.

Importers and authorized brokers should anticipate that valid IEEPA refunds are generally issued within 60 - 90 days following acceptance of the CAPE Declaration, unless a compliance concern requires further CBP review. However, certain scenarios, such as entries that are extended, suspended or under review, and warehouse entries, maintain their liquidation status with validated refunds issued at liquidation.

Please note that all CAPE-processed IEEPA duty refunds are subject to all applicable laws and regulations concerning the liquidation/reliquidation of entries, including the netting of all over- and under-payments for the entire entry, as determined at liquidation or reliquidation, see 19 C.F.R. § 159.1, as well as the potential diversion of refunds as necessary and appropriate to offset the importer's legally fixed and undisputed unpaid debts to the United States, if any, see 19 C.F.R. § 24.72.

↙ Close all      ↗ Open all

# IEEPA Search

Enter text to search all accordion content below.

> Enter text...

# Getting Started

**How do I get an ACE account, and who should I contact for questions about CAPE or IEEPA refunds?**     —

Updated 5/20/2026

Please refer to the guidance CBP has developed for ACE accounts and ACH Refunds. For technical questions, please email: IEEPARefunds@cbp.dhs.gov.

## Are there any fees or charges to receive a tariff refund?                    —

Updated 5/20/2026

No. CBP does not charge any fees for processing tariff refunds. If you are asked to pay a fee or provide financial information by a party claiming to be CBP, it is a scam and you should report it to the Traderelations@cbp.dhs.gov mailbox.

## I have an outstanding bill with CBP that includes IEEPA duties owed. Do I   —  need to pay those duties before filing a CAPE Declaration?

Updated 5/20/2026

No, a CAPE Declaration may be filed whether or not the filer has outstanding bills from CBP that include IEEPA duties owed. CBP has paused collection and enforcement actions at this time, such as national sanction and demand on surety, for any bill(s) that include unpaid IEEPA duties. If the bill(s) also include(s) unpaid amounts other than IEEPA duties (and interest on IEEPA duties), these non-IEEPA related amounts remain due; to make payment of the non-IEEPA related amounts due, please refer to your bill for payment instructions.

## How can I prepare?                    —

Updated 4/10/2026

IORs and brokers should ensure they have an ACE Portal account and that their bank account information for refunds has been added to their account. To provide your refund bank account information, you will need to have the "Importer" sub-account in the ACE Portal. IORs and customs brokers can also begin compiling lists of entries on which IEEPA duties were paid.

## When will CAPE be available to file a Declaration?                    —

Updated 4/15/2026

The CAPE tool will be live in ACE starting at 8am EST on April 20, 2026.

## Do I need to file a case at the Court of International Trade to preserve my IEEPA refund rights? —

Updated 5/20/2026

Specifically with respect to Phase 1, which is limited to unliquidated entries or entries within the 90-day voluntary reliquidation period, you do not need to file a case with the CIT to receive an IEEPA refund due to you. CBP offers no legal guidance on whether a case needs to be filed with the CIT for any other entries.

# Filing a CAPE Declaration

## What is CBP doing to make sure that CAPE is not vulnerable to fraud or abuse? —

Updated 5/20/2026

There are several measures built into CAPE to ensure that refunds are not issued erroneously to parties who are not entitled to them.

To file a CAPE Declaration—

- You must have a verified account in ACE.

- You must be the IOR or the authorized customs broker to file a CAPE Declaration. IORs and customs brokers seeking refunds must be directly, alpha-numerically associated with the entries they would like included in their Declarations through the 3-digit prefix of their ACE filer code.

- The entries you are including on your CAPE Declaration must be in ACE and must have an accepted status in CBP's control.

To receive a refund—

- You must have your U.S. bank account information in your ACE Portal account. With rare exceptions, all refunds will be made through a secure ACH payment to a verified party, not through a paper check disbursed through the mail to a non-verified address.

For more information see: [Applying for an ACE Portal Importer Account and Enrolling in ACH Refunds](#).

## How will I know if my CAPE Declaration has been accepted?     —

Updated 5/20/2026

Once your CAPE Declaration is validated, you will receive an accepted status message (File Upload Status column and "accepted" under that column header) along with a claim number. You will also see a date and time in the Submitted Date/Time column.

## Can I file drawback claim against an import that is part of a CAPE Declaration once that Declaration has been accepted?     —

Updated 5/20/2026

You are encouraged to place entry summaries that are eligible for drawback on your CAPE Declaration and submit them prior to filing a drawback claim. Your entry must be in liquidation/reliquidation status (it does not have to be in your ACH account) before it is included on a drawback claim for the imports covered by your CAPE Declaration.

## After I filed my CAPE Declaration, I found that some of the entries needed to be corrected. How do I remove these entries from my CAPE Declaration and file PSCs for them?     —

Updated 5/20/2026

Once you have filed a CAPE Declaration, you cannot remove entries from the Declaration or cancel the Declaration. If you have issues that need to be corrected following liquidation of the

entries included on a CAPE Declaration, you can file a Protest or Prior Disclosure, in accordance with CBP regulations.

## Who can file a CAPE Declaration? —

Updated 4/10/2026

Only the IOR or the licensed customs broker who filed the entries can file a CAPE Declaration.

## Is a CAPE Declaration filed by a customs broker limited to entries filed for a single IOR? —

Updated 4/10/2026

No. A broker can include up to 9,999 entries that they filed on behalf of various IORs on a single CAPE Declaration.

## Can I amend my CAPE Declaration after initial submission and acceptance? —

Updated 4/10/2026

No, once a CAPE Declaration has been filed and accepted, it cannot be amended.

## After I filed a CAPE Declaration, I went back through my records and found additional entries that are eligible for IEEPA refunds. Do I add them to my existing CAPE Declaration, or do I need to file a new one? —

Updated 4/10/2026

You will need to file a new CAPE Declaration with those entries not previously submitted on a CAPE Declaration. Each entry may only be submitted on one accepted CAPE Declaration.

Entries on a CAPE Declaration will receive a rejection error if they were included on a previous Declaration.

## My entry shows a liquidation status of suspended/extended/under review in ACE. Can I include this entry on my CAPE Declaration?  —

Updated 4/10/2026

Yes. Entry summaries with the liquidation status of suspended, extended, or under review may be included in your CAPE Declaration. Entry summaries that are suspended, extended, or under review will maintain their liquidation status until resolved and the refund, if validated, will be issued at liquidation.

## May I include liquidated entries on my CAPE Declaration?  —

Updated 4/10/2026

During Phase 1, ACE will accept CAPE Declarations containing entries liquidated within the preceding 80 days. This will allow sufficient time for CBP to process and reliquidate entries by the 90th day to meet the agency's legal timeframe for voluntary reliquidation pursuant to 19 U.S.C. § 1501.

## I received an error message when I filed my CAPE Declaration. What does the message mean?  —

Updated 5/11/2026

The error messages you may receive when you file your CAPE Declaration are in the File Validation Errors table and Entry Validation Errors table below.

| File Validation Errors | |
|---|---|
| **Error message** | **Definition** |
| CSV content is empty or missing the header | CSV needs Entry Number header and at least 1 entry number |
| Not a CSV file | File format must be CSV |
| The file size exceeds 1mb. Please split the data into smaller files before reuploading | File size cannot be more than 1mb |
| The file is deemed unsafe. Please correct the file data before reuploading | Resave file and upload again |
| The file exceeds the maximum 10,000 allowed entry numbers per file | If you have more than 10,000 entry numbers, submit multiple CSV files uploads |
| Filer Code not matching | For Filer and Organizational Broker, first 3 characters of Entry Number must match Filer Code of account |
| Duplicate Entry | CSV file has duplicate Entry Numbers |
| Not 11 characters long | Entry Number must be 11 characters without dashes |
| Account Mismatch | Importer of Record Number must match Importer of Record Number of Entry Summary |
| Entry Summary Not Found or Archived in ACE | Entry Summary must exist in ACE |

| Entry Validation Errors | |
|---|---|
| **Error message** | **Definition** |
| Entry on Drawback | Entry cannot be on a drawback entry |

| Entry Validation Errors | |
|---|---|
| **Error message** | **Definition** |
| Entry Summary Flagged for Recon | Entry has been flagged for Reconciliation, which is not allowed in CAPE Phase 1 |
| Entry Summary is Cancelled/Rejected | Entry summary status must be "Accepted" |
| Entry Summary is in Final Liquidation Status | Entry summary liquidated/reliquidated more than 80 days ago |
| Entry Summary is in Trade Control | Control status for the entry summary must be with CBP |
| Entry Summary is Subject to Court Injunction | Entry summary cannot be flagged for injunction |
| Entry Summary Not Found or Archived in Ace | Entry must exist |
| Entry Summary Pending Liquidation or Not Liquidated and Has Suspension Record | Entry summary has a liquidation status of "Pending" or "Not Liquidated" and has a Suspension record |
| Entry Summary Under Review | Entry cannot be in adjusted status |
| Entry Type Not Allowed | Entry type cannot be TIB (23), Duty Deferral (08), Reconciliation (09), or Drawback (047) |
| Goods Value Amount Not Allowed on IEEPA HTS Line | IEEPA HTS number cannot have a "GDS_VAL_AMT" greater than zero |
| No IEEPA HTS on Entry | Entry must have at least one IEEPA HTS |
| Protest on Entry | Entry cannot be on an Open or Suspended protest. Entry cannot be in Denied status if AFR box is checked |
| Protest on Entry Statement Processing Not Complete | Entry cannot be on a statement that is authorized for payment, but the payment has not yet processed |

| Entry Validation Errors | |
|---|---|
| **Error message** | **Definition** |
| HTS Relationship/Sequence Mismatch | The HTS numbers on the line are out of order or unable to calculate due to the HTS being out of the low/high bounds |
| Unable to Calculate Duty-'X' Duty Comp Code | There is a duty comp code that is not able to be calculated |
| Unexpected Error-try Again | Re upload file to try again |
| SPI or Additional HTS Required | Either a Special Program Indicator (SPI) code or an additional HTS code is required on at least one line of the entry summary |

## What do I need to include in the .CSV file other than the entry numbers? —

Updated 4/15/2026

The CAPE Declaration consists of the list of entries for which refunds of IEEPA duties are being requested. CBP does not require any other information in the .CSV file.

## I am an attorney; can I file a CAPE declaration on behalf of an importer? —

Updated 4/15/2026

No. Only the IOR or the licensed customs broker who filed the entries can file a CAPE Declaration.

## What are the recordkeeping requirements for a CAPE Declaration? —

Updated 4/15/2026

There are no new recordkeeping requirements for the CAPE Declaration. You should continue to follow all applicable recordkeeping requirements.

### My entry summaries all have different projected liquidation dates. Can I file these entry summaries on one CAPE Declaration?   —

Updated 4/15/2026

Yes, you can file all eligible entry summaries on one CAPE declaration, whether or not they have liquidated and whether or not they share the same upcoming liquidation date. During Phase 1, ACE will accept CAPE Declarations containing entries liquidated within the preceding 80 days.

### How can I track the status of the CAPE Declaration?   —

Updated 4/15/2026

ACE Portal users with Importer sub-account access can monitor refund activity using ACE Reports. The REV-603 Trade Refund report covers successful refunds. The REV-613 ACH Rejected Refunds report highlights any refunds that have been rejected due to the recipient not being enrolled in ACH Refunds. For help with refund reports, review the ACE Refund Report training guide. For more information about rejected refunds, see Replacement Refund Instructions.

## Processing the CAPE Declaration

### I am an importer. If a broker is filing a CAPE Declaration on my behalf, will I have visibility into my Declaration and the status of my IEEPA refund?   —

Updated 5/20/2026

CBP encourages importers who do not have an ACE Portal account, who are instead employing a customs broker to file their CAPE Declarations, to coordinate with their brokers to track their refund status. For ACE Portal users with Importer sub-account access, you can monitor aggregated refund activity using ACE Reports.

- REV-603 Trade Refund report provides information on both pending and successful refunds

- REV-613 ACH Rejected Refunds report highlights any refunds that have been rejected due to the recipient not being enrolled in ACE Refunds

- REV-615 Trade CAPE Detail Refund Report provides information on CAPE-specific refunds (available once refunds are issued)

## Once I have filed a CAPE Declaration, can I submit any PSCs or Protests for the entries included in my Declaration?

Updated 5/20/2026

No.

If you need to file a PSC for an issue that is not related to IEEPA duties, you should file that PSC prior to filing your CAPE Declaration. Once the entry has been corrected, you may include this entry on a CAPE Declaration.

If you need to file a Protest regarding non-IEEPA issues on an entry(ies), you should wait until your entries have been liquidated/reliquidated for the applicable entries from your CAPE Declaration. Once the refunds have been issued, you can file a Protest for the non-IEEPA issues you wish to pursue.

## How will I know if my CAPE Declaration was accepted?

Updated 4/10/2026

When you file a CAPE Declaration by uploading your .CSV file in the ACE Portal, the file itself, as well as the entry summaries listed, will be validated and you will receive a CAPE claim number.

This indicates that the CAPE Declaration is accepted and will continue processing for the accepted entries.

## What if my CAPE Declaration is rejected?       —

Updated 4/10/2026

Once a CAPE Declaration is filed, the Declaration, as well as the entry summaries listed, will be validated before a CAPE Declaration is accepted into the ACE Portal and assigned a CAPE claim number. Any entry summaries that are not accepted will be removed from the Declaration, with all valid entry summaries remaining to continue through the process. The filer can view which entry summaries were accepted or rejected, and the reason for rejection.

## When CBP diverts a refund for an existing bill, how is this communicated to the trade and how is the trade able to identify the specifics of the   — liquidation?

Updated 4/17/2026

Diversion occurs after liquidation of the entry summary but before the refund is issued. The Trade can run the REV-603, Trade Refund Report, or, effective 4/20/26, the REV-615, Trade CAPE Detail Refund Report. Both reports have a column labeled Refund Secondary Status that will show as "Funds Diverted" once the funds are actually diverted.

## How does CBP net over- and under- payments within an entry summary, and how is this communicated to the trade?   —

Updated 4/17/2026

If multiple actions are taken on an entry summary, e.g., an increase in value on line 001 with a corresponding increase in duty and a classification change on line 002 resulting in a decrease in duty, CBP nets the changes in the liquidation of the entry summary for a single revenue change.

An importer or broker with an ACE Account may access the ES-701 Courtesy Notice of Liquidation Report or the ES-702 Official Notice of Extension, Suspension and Liquidation Report to identify the liquidated amount on the entry summary. For change liquidations, the ES-701 and ES-702 include the amount of the bill or refund, along with the corresponding amount of interest.

Effective 4/20/26, Importers or Brokers with ACE Accounts will also be able to access the new REV-615 Trade CAPE Detail Refund Report. This report will provide consolidated CAPE refund information as well as entry-level refund information.

# Issuance of Refunds

## Is CBP sending refunds directly to consumers who may have paid additional money because of an IEEPA duty?          —

Updated 5/20/2026

CBP is only able to refund IEEPA duties to the Importer of Record or the Notify Party (designated on CBP Form 4811) who have their U.S. bank account information in their ACE Portal account.

## Will I receive interest on my refund? How is that calculated?          —

Updated 5/20/2026

Yes, interest will be included in your IEEPA duty refund. The payment of interest is governed by 19 U.S.C. § 1505, which requires that CBP refund interest on overpayments as determined upon liquidation or reliquidation. The calculation of interest generally starts from the date of deposit or estimated duty payment to the date of liquidation or reliquidation of the applicable entry. The rate of interest is determined by the IRS and published quarterly in the Federal Register (view the latest rates here).

## How do I check if my ACH information is up to date and I can receive my refund?	—

Updated 5/20/2026

The ACE Rev-613 report will show any refund that has been rejected because there is not an ACH enrollment on file with CBP. The ACE Rev-603 report shows an importer when a refund has been returned from the commercial bank due to an ACH account issue.

## I can see that my entry has liquidated or reliquidated. When will I receive my refund in my ACH account?	—

Updated 5/20/2026

Most refunds will appear in the designated ACH account 3 to 5 weeks from the date of liquidation or reliquidation. Once CBP processing is complete, the entry will show a status of "Sent to Treasury" on the ACE Rev-603 report. Once the refund has been issued, the entry will show a status of "Treasury issued" on the ACE Rev-603 report.

## Can my CAPE Declaration result in a bill?	—

Updated 5/20/2026

Yes, at least for entries in Phase 1, which covers unliquidated entries and entries within the 90-day voluntary reliquidation period. Liquidation constitutes the final assessment of duties on an entry for all purposes, and a voluntary reliquidation within the 90-day period may correct any error in the original liquidation. CAPE processing removes all IEEPA tariffs from an entry. Nonetheless, entries are still subject to any duties, taxes, and fees, including pursuant to other trade remedy provisions, that are applicable upon liquidation or reliquidation within the 90-day period. It is possible to receive a bill after CAPE processing if the amount paid on the entry as a whole is less than the recalculated duty owed at liquidation or reliquidation. As with all refunds issued by CBP, CBP will check for any unpaid debts owed to CBP by the IOR before issuing the refund, and the refund (or bill) amount will be equal to the difference between the IEEPA duties to be refunded and the amount owed on an entry-by-entry basis.

## Will CBP email CAPE refund status updates, reports, or related documents?　—

Updated 5/20/2026

No. CBP will not email CAPE updates. You should use ACE Reports to keep track of your refund or request this information from your customs broker if your broker filed your CAPE Declaration on your behalf.

## How will IEEPA refunds be issued?　—

Updated 4/10/2026

All refunds are required to be paid electronically via Automated Clearing House (ACH) (Federal Register Document 2025-24171). To receive a refund, CBP must have your bank information on file. If bank information designated for refunds is not on file with CBP, the refund will not be paid until that information is provided through the ACE Secure Data Portal (ACE Portal). See more information at ACH Refund Enrollment Overview.

## Who will receive the refund(s) associated with the CAPE Declaration?　—

Updated 4/10/2026

The IOR or the party designated by the IOR (the 4811 notify party) on either the CBP Form 4811 (Special Address Notification) or on the ACE Portal account, and on the entry summary will be eligible to receive refunds.

## Can I still get a refund if I don't have an ACE Portal account?　—

Updated 4/10/2026

Case: 26-1895      Document: 3-2      Page: 25      Filed: 06/03/2026

No. To get a refund, bank account information must be provided using an ACE Portal account. In addition, the importer or broker who files the CAPE Declaration must have an ACE Portal account.

## Can I still get a refund if I don't have an ACH account or my ACH information is not current in my ACE Portal account? —

Updated 4/10/2026

If you have not updated your ACE Portal account with your current ACH information, you will not receive a refund. CBP will hold the refund until the ACH account information is available.

## How long will it take for me to get my refund? —

Updated 5/20/2026

Importers and authorized brokers should anticipate that valid IEEPA refunds will generally be issued within 60 - 90 days following acceptance of the CAPE Declaration, unless a compliance concern requires further CBP review. Certain scenarios, such as entries that are extended, suspended or under review, and warehouse entries, will maintain their liquidation status with validated refunds issued at liquidation. This includes 45 days for CBP processing as well as time for the Department of the Treasury to certify the monies.

## I have an outstanding debt to CBP. Will I still receive my refund? —

Updated 4/15/2026

If you file a CAPE declaration and are owed a refund, but you also have an outstanding debt with CBP, CBP will, consistent with established practice, apply the refund owed to that outstanding debt per 19 CFR § 24.72. If any balance of the refund remains, it will be issued to the appropriate party.

# Subsequent Phases of CAPE

## What types of entries will be included in upcoming phases of CAPE?　　—

Updated 4/10/2026

At this time, CBP is evaluating functionality for the following types of entries in subsequent phases of CAPE, in accordance with appropriate statutory authority or court order. Further communications will be issued as additional capabilities are developed.

- Entries that have been flagged for reconciliation, as well as Entry Type 09 - Reconciliation Summary

- Entries designated on a drawback claim

- Entries covered by an open protest

- Entries not filed in ACE, and entries without a liquidation status in ACE

- Entries subject to Antidumping/Countervailing Duties (AD/CVD), for which the Department of Commerce (DOC) has issued liquidation instructions, that are pending liquidation in accordance with 19 U.S.C. § 1504(d)

- Entries for which liquidation is final.

# Reconciliation

## How does CBP currently address IEEPA refunds if CAPE declarations are not allowed to be filed for entry summaries flagged for reconciliation?　　+

Updated 5/26/2026

CBP is currently working on a phased solution to process unliquidated or liquidated (not more than 80 days beyond the liquidation date) entries flagged for reconciliation (Entry Types 01, 02, and 06) that are included on a CAPE declaration, and for which an Entry Type 09 has not yet been filed at the time of CAPE acceptance. The CAPE process does not prevent an entry from being reconciled; however, CBP suggests that the trade community hold reconciliation filings

(Entry Type 09) unless the reconciliation filing deadline is close to expiring (less than 30 days) so that the CAPE declaration can be filed and processed first. CBP is also working on a solution for situations where the reconciliation entry is already on file. As these phases are deployed, CBP will issue Cargo Systems Messaging Service (CSMS) messages providing filing requirements and guidance.

**What should the trade do if they have a reconciliation filing deadline that is close to expiring for which the reconciliation will result in an increase in IEEPA duties?**                                                                      +

Updated 5/26/2026

Trade should file the reconciliation entry and deposit the duties, taxes and fees owed, without the increased IEEPA duties.

## Additional Resources

For additional information about ACE Portal access and ACH refunds visit the resources below:

- One Page Overview: ACH Refund Enrollment

- Frequently Asked Questions: ACE Portal and ACH Refunds FAQs

- Training Video: Applying for an ACE Portal Importer Account and Enrolling in ACH Refunds - Video

- Training Guide: ACE Portal Importer Account Application

- Training Guide: ACH Refund Enrollment in the ACE Portal

- Rejected ACH Refund Information: Replacement Refund Instructions

## Have additional questions?

- For *technical* questions about IEEPA refunds, email: IEEPARefunds@cbp.dhs.gov

- For *general* inquiries about IEEPA refunds, email: traderelations@cbp.dhs.gov

**Last Modified: May 29, 2026**

## IEEPA Resources

**Fact Sheet: IEEPA Duty Refund**

**ACE Portal CAPE Declarations Quick Reference Guide**

**Trade Information Notice: CAPE**

**IEEPA Duty Refunds and CAPE Overview**

## CSMS Messages (Most recent to oldest)

**Best Practices for Protecting Your Information Regarding IEEPA Refunds**

**Multiple ACE Reports for Monitoring CAPE Refund Claims**

**Updated: ACE Entry Summary Error Dictionary**

**Available Now - CAPE for IEEPA Refunds**

**Updated - CAPE for IEEPA Refunds Deployment**

**Introduction - CAPE for IEEPA Refunds Deployment**

Case: 26-1895 Document: 3-2 Page: 30 Filed: 06/03/2026